

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-15-00319-CR
## No. 10-15-00320-CR

**SAMUEL FUENTE ORTEZ, A.K.A. MARCO ALVAREZ,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

## From the 40th District Court
## Ellis County, Texas
## Trial Court No. 37162CR and 38598CR

_____

## MEMORANDUM OPINION

_____

Samuel Fuente Ortez, a.k.a. Marco Alvarez was convicted on March 13, 2014 of

the offenses of aggravated assault with a deadly weapon, *see* TEX. PENAL CODE ANN. §

22.02 (West 2011), and accident involving personal injury (a.k.a. failure to stop and

render aid), *see* TEX. TRANSP. CODE ANN. § 550.021 (West 2011). He was sentenced to 15

years in prison and 10 years in prison, respectively. Ortez timely appealed those

convictions to this Court; but by order of the Texas Supreme Court, the appeals were

transferred to the Seventh Court of Appeals in Amarillo, Texas.  The Amarillo Court affirmed the convictions in December of 2014, *Ortez v. State*, Nos. 07-14-00286-CR, 07-14-00287-CR, 2014 Tex. App. LEXIS 13048 (Tex. App.—Amarillo Dec. 5, 2014, no pet.) (not designated for publication), and the mandates issued in February of 2015.

It appears that by a document filed on August 6, 2015, Ortez again wishes to appeal the trial court's judgments.  This second appeal is untimely; and we have no jurisdiction of these appeals.  *See* TEX. R. APP. P. 26.2(a)(1).  Accordingly, Ortez's appeals are dismissed for want of jurisdiction.[1]

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeals dismissed
Opinion delivered and filed September 24, 2015
Do not publish
[CR25]



---

[1] A motion for rehearing may be filed within 15 days after the judgment of this Court is rendered.  *See* TEX. R. APP. P. 49.1.  If the appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within 30 days after either the day this Court's judgment was rendered or the day the last timely motion for rehearing was overruled by this Court.  *See* TEX. R. APP. P. 68.2(a).